# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **DOROTHY SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:13-CV-2047-VEH** |
| | ) |
| **LIFE INSURANCE COMPANY OF** | ) |
| **NORTH AMERICA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

This lawsuit arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1 at 1). Plaintiff Dorothy Smith ("Ms. Smith") filed an amended complaint on November 19, 2013. (Doc. 7). The defendants named in Ms. Smith's lawsuit are Life Insurance Company of North America ("LINA"); Cigna Corporation ("Cigna"); and Honda Manufacturing Health & Welfare Benefits Plan No. 501("Honda Plan"). (*Id.* at 1; *id.* at 2 ¶ 1; *id.* at 4-9 ¶¶ 9-42).

Pending before the court are three motions: (1) Honda Plan's Motion To Dismiss (Doc. 11) ("Honda Plan's Motion") filed on November 26, 2013; (2) Cigna's Motion To Dismiss (Doc. 19) ("Cigna's Motion") filed on December 30, 2013; and

(3) LINA's Motion To Dismiss Count II of Plaintiff's Amended Complaint (Doc. 20) ("LINA's Partial Motion") filed on December 30, 2013. The parties have briefed these motions (Docs. 22, 23, 24, 28, 30, 32), and they are all ready for disposition. For the reasons explained below, they are all **GRANTED**.

## II.  Standards

### A.  Rule 12(b)(2)

In *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990), the Eleventh Circuit described the framework for evaluating personal jurisdiction challenges under Rule 12(b)(2) of the Federal Rules of Civil Procedure:

> When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, <u>the plaintiff must establish a *prima facie* case of personal jurisdiction over a nonresident defendant</u>. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir.1988). A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. *Id*. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Id*. Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. *Id.*

> The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir.1990); *Alexander Proudfoot Co.*, 877 F.2d at 919. First, we consider the jurisdictional question under the state long-arm statute. *Cable/Home Communication Corp.*, 902 F.2d at 855; *Alexander Proudfoot Co.*, 877 F.2d at 919. If there is a basis for the assertion of personal jurisdiction under the state statute, we next determine whether sufficient minimum

contacts exist to satisfy the Due Process Clause of the Fourteenth
Amendment so that "maintenance of the suit does not offend 'traditional
notions of fair play and substantial justice.'"

*Madara*, 916 F.2d at 1514 (emphasis added) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)).

**B.      Rule 12(b)(6)**

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying

3

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III. Analysis

### A. Honda Plan's Motion

Ms. Smith's amended complaint contains three counts. Count I is a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). (Doc. 7 at 30-32 ¶¶ 164-175). Count II is a claim for breach of fiduciary duty under 29 U.S.C. §§ 1104 and 1105 and is brought under 29 U.S.C. § 1132(a)(3). (Doc. 7 at 32-33 ¶¶ 176-181). Count III is a claim for

failure to provide documents under 29 U.S.C. § 1132(c). (Doc. 7 at 33-35 ¶¶ 182-190).

Honda Plan asserts that it is due to be dismissed from this action because it is not a properly named defendant. More specifically, Honda Plan points out that nowhere within these three counts does Ms. Smith make any allegations about the actions of Honda Plan or explain how Honda Plan is liable to her.

Ms. Smith has indicated in her amended complaint that the sole reason she named Honda Plan as a defendant was to address any potential argument that she had neglected to name a necessary party to secure her disability benefits under Count I. (Doc. 7 at 7 n.2). This undoubtedly means that no plausible claim is asserted against Honda Plan under Counts II or III of her lawsuit.

As for Count I, co-defendant LINA has filed a stipulation (Doc. 29) "that the Honda Plan [i]s not a necessary party . . . ." with respect to Ms. Smith's claim for disability benefits. (*Id.* at 2). Further, the court agrees with Honda Plan that because Count I lacks any allegation of wrongdoing on its part, Ms. Smith has not stated a plausible claim for ERISA benefits against it in that count. Under these circumstances, Honda Plan's Motion is **GRANTED**, and Honda Plan is **HEREBY DISMISSED WITHOUT PREJUDICE** from Ms. Smith's lawsuit.

### B.    Cigna's Motion

Cigna maintains that it is due to be dismissed for jurisdictional reasons as well as the absence of any plausibly pleaded claims under Rule 12(b)(6). (*See* Doc. 19 at 1 (seeking a dismissal "based upon the lack of jurisdiction over any subject matter …, the lack of personal jurisdiction . . . , and failure to state a claim upon which relief can be granted.")). In sum, Cigna contends that the appropriate party defendant in this lawsuit is its subsidiary and claims administrator for the Honda Plan, LINA, and that Cigna's mere status as a holding company of LINA neither subjects it to the jurisdiction of this court nor renders it plausibly liable to Ms. Smith under ERISA.

Ms. Smith's opposition centers upon and attaches a Middle District of Alabama decision in the ERISA lawsuit of *Spivey v. Life Insurance Company of North America, et al.*, No. 2:13-CV-461-WHA, entered by Judge Albritton on December 12, 2013. (Doc. 23-2).[1] As Judge Albritton explained the true nature of the plaintiff's motion:

> Although Spivey labels his filing as a "Motion to Suspend, Alter or Vacate," the court interprets this to be a motion to reconsider its previous ruling that personal jurisdiction does not exist over Cigna in this case. A motion to reconsider may fall within either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment).

---

[1]   All page references to Doc. 23-2 correspond with the court's CM/ECF numbering system.

"A motion to reconsider is not a vehicle for rehashing arguments the court has already rejected or for attempting to refute the basis for the court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012).

(Doc. 23-2 at 3).

In rejecting the plaintiff's efforts in *Spivey* to have Judge Albritton reconsider his dismissal of Cigna without prejudice for lack of personal jurisdiction and permit him an opportunity to conduct jurisdictional discovery, Judge Albritton explained:

At this point in the litigation, arguments that Spivey will not be able to obtain other discovery he needs to prove standard of review and specific conflict are premature, and in any event, do not demonstrate that there is a basis for finding that discovery will establish personal jurisdiction over Cigna in this case.

While Spivey has forecast that there will be discovery disputes, those disputes can be settled in the normal course of the litigation of this case. Furthermore, while he states that LINA has not been responsive to the proposed discovery attached to the Motion to Vacate, the court does not consider the attached requests as a discovery request within the meaning of the Federal Rules of Civil Procedure. Discovery will proceed in accordance with the Rules, and the Uniform Scheduling Order to be entered by the court.

Although conflict and standard of review discovery issues are not before the court at this time, the court does note that LINA has shown that it issued the insurance policy and that it is the entity responsible for adjudicating and paying claims for benefits under the policy. Counsel for Spivey has never made it clear to the court why full discovery relating to standard of review and conflict of interest cannot be obtained through appropriate discovery, and any relief to which Spivey may be entitled under applicable ERISA law recovered, without having Cigna as a named party, even if there were personal jurisdiction over Cigna. In

any event, there is no personal jurisdiction over Cigna, it has been
dismissed without prejudice, and it is time for this case to move on.

(Doc. 23-2 at 7).

As Ms. Smith sums up the relief sought by way of her opposition:

Plaintiff asks that this Court take notice of Cigna Corporation's and/or
LINA's representation made to Judge Albritton in *Spivey*, which Judge
Albritton then cited as part of his December 13, 2013 ruling, and that the
same be accorded the same effect here. In short, Plaintiff asks that this
case be put in the same posture as *Spivey*, where this same issue has
already been exhaustively litigated leading to such a result. This posture
includes a "without prejudice" dismissal only.

In the alternative, if the Court does not find this resolution
appropriate, Plaintiff requests the opportunity under Eleventh Circuit
precedent to conduct limited jurisdictional discovery on her allegations
and on the matters raised in the affidavit Cigna Corporation attaches to
its motion.

(Doc. 23 at 6-7). The apparent concession made by counsel referred to in *Spivey* was

that certain discovery requests would not be resisted by LINA on the grounds that its

corporate parent, Cigna, was the party in possession, custody, and control of such

information.

However, while Judge Albritton did reference a representation made by LINA

(*see* Doc. 23-2 at 6-7 ("LINA has stated that 'to the extent Plaintiff seeks

compensation information for the individuals involved in the termination of Plaintiff's

claim, narrowly tailored and designed to elicit the information produced in *Melech*,

LINA will agree to provide non-privileged responsive information regarding compensation of those individuals who were involved in the termination at issue if an appropriate Confidentiality Agreement and Protective Order is in place.'")), he did so by way of framing the issues on reconsideration and nowhere does the opinion suggest that this attempt by counsel to resolve an anticipated discovery dispute with the plaintiff drove his jurisdictional decision. To the contrary, Judge Albritton made it clear that "[a]t this point in the litigation, arguments that Spivey will not be able to obtain other discovery he needs to prove standard of review and specific conflict are premature, and in any event, do not demonstrate that there is a basis for finding that discovery will establish personal jurisdiction over Cigna in this case." (Doc. 23-2 at 7).

Therefore, the court disagrees with Ms. Smith that *Spivey* supports her dismissal of Cigna contingent upon any discovery-driven position. Instead, akin to Judge Albritton's decision in *Spivey*, the court rejects Ms. Smith's discovery-based opposition to Cigna's *in personam* jurisdictional contentions. Further, in the absence of Ms. Smith's establishing a *prima facie* case of *in personam* jurisdiction over Cigna as mandated by *Madara*, or formulating some other jurisdictional argument in her favor, Cigna's Motion is **GRANTED**, and Cigna is **HEREBY DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

9

## C.    LINA's Motion

LINA seeks to dismiss Count II of Ms. Smith's amended complaint on the basis that her "claim for breach of fiduciary duty is incompatible with [her] claim for benefits and is foreclosed by the controlling case authority." (Doc. 20 at 1). LINA relies primarily upon the Supreme Court's decision in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996), and its progeny. (*See* Doc. 20 at 4-8 ¶¶ 9-12 (explaining that because Ms. Smith is seeking an individualized claim for ERISA benefits under § 502(a)(1)(B) in Count I, a claim for breach of fiduciary duty relating to those same benefits under § 502(a)(3) in Count II is not available to her)); *see also Hammond, et al. v. Reynolds Metals Company, et al.*, No. 3:01-CV-0811-VEH, (Doc. 147 at 6-13) (N.D. Ala. Jan. 26, 2006) (dismissing ERISA breach of fiduciary claims consistent with *Varity*'s establishment of the proper scope of equitable relief afforded under § 1132(a)(3)).

In opposition, Ms. Smith maintains that her Count II is not duplicative of Count I in the *Varity* sense. For example, Ms. Smith counters that, as part of her relief, she seeks "an order effecting the removal and replacement of the administrator, a surcharge remedy, or an injunction in any form to be obtained under § 502(a)(1)(B)." (Doc. 22 at 3); (*see also* Doc. 7 at 36 (seeking removal of "Cigna from its fiduciary role in the administration of [t]he [Honda] Plan")).

10

LINA replies that this equitable relief is pled, not alternatively or independently, but rather as an addition to Ms. Smith's primary litigious efforts, which are to recover ERISA plan benefits from LINA. In studying the particular allegations of Count II, the court agrees with LINA. More specifically, Ms. Smith expressly alleges at the end of Count II that:

> As a direct and proximate result of Cigna's failure to carry out its duties as a fiduciary of The Plan pursuant to 29 U.S.C. § 1104, <u>Plaintiff has been damaged in an amount equal to the amount of the benefits to which Plaintiff would have been entitled under The Plan</u>, and in the amount equal to future benefits payable while Plaintiff remains disabled under the terms of The Plan, as well as additional damages to be proven at the trial of this matter.

(Doc. 7 at 33 ¶ 181 (emphasis added)).

The heart of Count II is about the benefits that Ms. Smith maintains that LINA has wrongfully withheld from her. Thus, Ms. Smith has not plausibly pled a breach of fiduciary claim that can survive *Varity* scrutiny. Therefore, LINA's Partial Motion is granted, and Count II of Ms. Smith amended complaint is **HEREBY DISMISSED WITHOUT PREJUDICE**.

## IV.   Conclusion

For the reasons stated above, Honda Plan's Motion, Cigna's Motion, and LINA's Partial Motion are all **GRANTED**.

**DONE** and **ORDERED** this 31st day of March, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge