IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DOROTHY SMITH,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 1:13-CV-2047-VEH** |
| | ) |
| **LIFE INSURANCE COMPANY OF** | ) |
| **NORTH AMERICA, et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

This lawsuit arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1 at 1). Plaintiff Dorothy Smith ("Ms. Smith") most recently amended her lawsuit on July 28, 2014. (Doc. 82).

Pending before the court are Ms. Smith's Motion To Strike LINA's Discovery Objections and To Compel LINA To Respond to Plaintiff's Interrogatories and Requests for Production (Doc. 53) (the "Compel Motion") filed on June 13, 2014, and Defendant Life Insurance Company of North America's ("LINA") Motion for Entry of Protective Order (Doc. 76) (the "Protective Motion") filed on July 21, 2014.

The court held a hearing on July 30, 2014, to address any of the parties' still

remaining discovery disputes. For the reasons stated in open court and herein, the Compel Motion is **GRANTED** except as otherwise set out herein. Further, the Protective Motion is **GRANTED** as modified by the court.

## II.     Standards

### A.     Discovery Orders Generally

Regarding discovery rulings:

> A district court has wide discretion in discovery matters and our review is "accordingly deferential." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). A court abuses its discretion if it makes a "clear error of judgment" or applies an incorrect legal standard. *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008) (per curiam). Moreover, a district court's denial of additional discovery must result in substantial harm to a party's case in order to establish an abuse of discretion. *See Leigh v. Warner Brothers, Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000).

*Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009); *accord Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) ("Moreover, we will not overturn discovery rulings 'unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case.'" (quoting *Carmical v. Bell Helicopter Textron, Inc.*, 117 F.3d 490, 493 (11th Cir. 1997))).

### B.     Rule 26 Protective Orders Specifically

Federal Rule of Civil Procedure 26(c) specifically provides that a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

expense[.]" Fed. R. Civ. P. 26(c). The district court may issue a protective order if "good cause" is shown, and such an order "is not subjected to heightened scrutiny." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987); *see also* Fed. R. Civ. P. 26(c). <u>The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.</u>" *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). In addition to requiring good cause, the district court must "<u>balance the interests</u> of those requesting the order." *McCarthy*, 876 F.2d at 91.

*Ekokotu v. Federal Exp. Corp.*, 408 F. App'x 331, 335-36 (11th Cir. 2001) (footnote omitted) (emphasis added).

### C.     Conflict of Interest Discovery in ERISA Benefits Disputes

In *Harvey v. Standard Ins. Co.*, 787 F. Supp. 2d 1287 (N.D. Ala. 2011), the undersigned extensively addressed the scope of permissible conflict of interest discovery in light of the Supreme Court's landscape-changing ERISA benefits decision in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108, 128 S. Ct. 2343, 2347-48, 171 L. Ed. 2d 299 (2008). In granting the plaintiff's motion to compel in *Harvey*, the court identified several areas of appropriate discovery post-*Glenn*:

> In *Adams v. Hartford Life and Accident Ins. Co.*, 589 F. Supp.2d 1366 (N.D. Ga. 2008), the court permitted discovery beyond the administrative record to the extent that facts known to the administrator at the time of denial were not contained in the official record, and said that such discovery could be had as to whether (1) the administrator fulfilled his or her fiduciary duties, (2) the proper procedures were followed in compiling the record, (3) the record was complete, and, if a

conflict of interest existed, discovery into "the surrounding circumstances to determine whether such a conflict affected the benefits decision" *Id.* at 1368. . . .

Without such discovery, the existence of a conflict of interest would be analyzed in a vacuum, which would be at odds with *Glenn*'s holding that "... the significance of the (conflict of interest) factor **will depend upon the circumstances of the particular case**." *Glenn*, *supra*, 554 U.S. at 108, 128 S. Ct. 2343 (emphasis supplied). It would be reasonable to permit Harvey to attempt to ascertain the circumstances surrounding the conflict of interest, *e.g.*, whether the plan was or was not funded by stop-loss insurance or another policy, it was reimbursed by the employer for claims, whether a trust fund was established by the employer, whether any premium rebates were given to any employer based upon loss history, whether anyone other than the insurer played any role in making the decision to deny benefits, what financial incentives (if any) were awarded or available for claim denials and vice versa, what was the extent of the reviewing doctors' financial interest, did those doctors ever perform similar compensated reviews for claimants, and just how Standard handles, internally and externally, the conflict of interest and how that process affects Standard's financial bottom line. . . .

Harvey may have discovery in the areas delineated in *Adams* and in the immediately preceding paragraph, <u>and any other areas relating to Standard's conflict of interest</u>.

*Harvey*, 787 F. Supp. 2d at 1291-92 (emphasis by underlining added).

### III.    Analysis

### A.    Compel Motion

As a result of the parties' meet and confer efforts, the scope of the Compel Motion has been reduced significantly. More specifically, on July 24, 2014, Ms. Smith filed a notice with the court setting forth those areas still in dispute which are

all limited to document production. (Doc. 80). LINA filed its response (Doc. 83) related to these remaining contested items on July 28, 2014. On July 29, 2014, LINA identified two additional items that remain in dispute. (Doc. 85). Ms. Smith responded on July 30, 2014. (Doc. 86). The court heard from counsel at the hearing on July 30, 2014. The court now addresses each contested item.

## Request for Production No. 2

According to LINA's response, the dispute over Request for Production No. 2 has now been resolved subject to the entry of a protective order. (Doc. 83 at 3 n.1).[1] The court separately addresses the entry of a suitable protective order below.

## Request for Production No. 3

Request No. 3 seeks the production of "actual conflict" evidence in the form of employee performance evaluations for persons LINA has listed in its chart responding to Interrogatory No. 3. (Doc. 54 at 32).[2] LINA primarily counters that the undersigned should be guided by another Northern District of Alabama decision which observed that conflict discovery is unnecessary when "the court is not called upon to weigh [the insurer]'s admitted conflict as both the funder of benefits and adjudicator of claims; that would occur only if necessary at the sixth and final step

---

[1] All page references to Doc. 83 correspond with the court's CM/ECF numbering system.

[2] All page references to Doc. 54 correspond with the court's CM/ECF numbering system.

of the *Williams* analysis, as understood post-*Glenn*." *Blair v. Metropolitan Life Ins. Co.*, 955 F. Supp.2d 1229, 1254 n.16 (N.D. Ala. 2013) (citing *Eldridge v. Wachovia Corp. LTD Plan*, No. 06-12193, 2007 WL 117712, *2 (11th Cir. Jan. 18, 2007)).

Having considered both sides' positions under this court's post-*Glenn* discovery standard[3] and because LINA's performance evaluations for those employees who were involved in administering Ms. Smith's claim might reveal a review-based incentive for them to deny claims,[4] Ms. Smith's Compel Motion is **GRANTED** as to Request No. 3 and LINA's objections are **OVERRULED**.

In particular, LINA's resistance to Ms. Smith's efforts to discover information that, on its face, is relevant to the conflict of interest issue is directly at odds with the Supreme Court's observation in *Glenn* that "[b]enefits decisions arise in too many contexts, concern too many circumstances, and <u>can relate in too many different ways to conflicts—which themselves vary in kind and in degree of seriousness</u> . . . ." 554 U.S. at 116, 128 S. Ct. at 2351 (emphasis added). Because conflict of interest is potentially a factor for this court to weigh when it evaluates the challenged benefits

---

[3] LINA's reference to the *Blair* decision is unhelpful as this court has not yet determined what steps it will need to follow when evaluating the propriety of the contested benefits determination made by LINA.

[4] Alternatively, the import of these evaluative documents might reveal that LINA "has taken active steps to reduce potential bias and to promote accuracy, . . . ." by not linking employee compensation in any manner to denying claims. *Glenn*, 554 U.S. at 117, 128 S. Ct. at 2351.

decision, Ms. Smith is entitled to learn from LINA the types of conflicts that exist within its decision-making process, explore how serious those conflicts are, and present that evidence to the court. Otherwise, "the existence of a conflict of interest would be [inappropriately] analyzed in a vacuum . . . ." *Harvey*, 787 F. Supp. 2d at 1292.

### Request for Production No. 6

Request No. 6 seeks to have LINA produce its "claims procedure manual in its entirety." (Doc. 54 at 42). LINA primarily counters that it has responded by "offering to produce the Index of the Policies and Procedures ("P&P") in effect when the denial of Plaintiff's claim was upheld on appeal." (Doc. 83 at 10). At the hearing, counsel for LINA candidly stated that, under the court's order setting the hearing, LINA had printed a copy of its claims procedure manual in its entirety (as it existed during the relevant time period). In effect, LINA's unduly burdensome argument had been inadvertently made moot by the court's order, with which LINA appropriately complied.

Having considered both sides' positions under this court's post-*Glenn* discovery standard[5] and because the language used in LINA's claims procedure

---

[5] LINA's reference to the *Blair* decision is unhelpful as this court has not determined what steps it will need to follow when evaluating the propriety of the contested benefits determination made by LINA.

manual might reveal a favoritism toward denying claims,[6] Ms. Smith's Compel Motion is **GRANTED** as to Request No. 6 and LINA's objections are **OVERRULED**.

### Request for Production No. 11

As limited by Ms. Smith in her pretrial filings and as further limited by her at the hearing, Request No. 11 now seeks only emails on the Defendant's Outlook system that contain Ms. Smith's name (or derivations thereof) and/or Ms. Smith's claim number as search terms pertaining to the issuance of insurance coverage to Plaintiff or the administration of any claims for Plaintiff. LINA counters that responding to Ms. Smith's revised request as it existed prior to the limitation added at the hearing "would remain extremely burdensome, expensive, and would cause significant business disruption." (Doc. 83 at 12). Counsel for LINA asked for an opportunity to consult with LINA regarding its position, given the further limitation Ms. Smith agreed to at the hearing.

Accordingly, the court **DEFERS RULING** on this aspect of the Compel Motion. The parties are hereby **ORDERED** to confer to attempt to resolve any areas of dispute between them as to this issue and to file a joint status report, no later than

---

[6] Alternatively, the contents of the claims procedure manual might reveal that LINA "has taken active steps to reduce potential bias and to promote accuracy, . . . ." *Glenn*, 554 U.S. at 117, 128 S. Ct. at 2351.

5:00 p.m. on Monday, August 4, 2014, regarding this aspect of the Compel Motion. **IF** the parties have not fully resolved this aspect of the Compel Motion, the court will hear

further argument at 10:00 a.m. on Tuesday, August 5, 2014, in Courtroom 6A of the Hugo Black United States Courthouse, Birmingham, Alabama.

### Request for Production No. 13

Request No. 13 seeks all documents "between LINA's subsidiaries and the State of Alabama or its agencies and employees regarding disability income policies the company marketed or sold in the State of Alabama in the last five (5) years. This request includes all complaints registered with the Insurance Department of the State of Alabama by policyholders of LINA for the same time period." (Doc. 54 at 61). Ms. Smith has, through the parties' meet and confer discussions, agreed to limit this request to the Honda Plan. *Id.*

LINA primarily counters that Ms. Smith has other means at her disposal to discover this information and further that "[n]either *Glenn* nor *Harvey* support this kind of discovery into regulatory Department of Insurance issues and correspondence ...." (Doc. 83 at 14). Having considered both sides' positions under this court's post-*Glenn* discovery standard and because this court's decision in *Harvey* contains an express catchall category of <u>any other areas relating to conflict of interest</u>, the court

hereby **ORDERS** LINA to allow Ms. Smith's counsel, no later than Friday, August 1, 2014, to review the documents responsive to this request and to take notes regarding the documents reviewed. Such notes may not include personal identifiers of the complainant(s). <u>**IF**</u> Ms. Smith counsel still wishes to pursue this request after such review, the parties shall report that fact in their joint status report due Monday, August 4, 2014, by 5:00 p.m. and the hearing scheduled for Tuesday, August 5, 2014, at 10:00 a.m. shall take place as scheduled.

## Request for Production 14

Request No. 14 seeks reports referring to LINA's liability acceptance rates in Alabama for the past three years for ERISA and non-ERISA claims. LINA counters that Ms. Smith's theory that "LINA denies more ERISA claims than non-ERISA claims" "is replete with specious paranoia [and] provides no legal support for allowing this kind of overly broad request that would shed no light on the existence of any claim specific bias." (Doc. 83 at 15). The authorities offered by LINA in support of its position (Doc. 83 at 15-16) are not binding on this court.

Citing to Mr. Lodi's declaration, LINA also raises an unduly burdensome objection. (Doc. 83 at 16). However, Mr. Lodi's declaration does not quantify this asserted burden in any meaningful manner (Doc. 83-1 at 4 ¶ 6) and, thus, it is entirely ineffective at substantiating the objection.

At the hearing, counsel for LINA clarified that LINA does not have any such reports and that it would have to create such a report. The court will not require LINA to create a report.

Having considered both sides' positions under this court's post-*Glenn* discovery standard and because LINA's liability acceptance rates in Alabama for the past three years for ERISA and non-ERISA claims might reflect the absence of safeguards in place to protect against conflict,[7] Ms. Smith's Compel Motion is **GRANTED** as to Request No. 14 and LINA's objections are **OVERRULED**. However, a verified response by LINA that no such reports exist will be considered compliance.

### B.  Protective Motion

The court entered a show cause order on LINA's Protective Motion on July 24, 2014. (Doc. 79). Ms. Smith filed her show cause response on July 25, 2014. (Doc. 81). The court has reviewed the competing versions of the proposed protective order that have been filed into the record and also discussed the proposed protective order

---

[7] Of course, proof of these percentages presented by Ms. Smith in isolation would not be probative of anything and simply because the court is permitting Ms. Smith to discover this information pre-merits does not prohibit LINA from later challenging its admissibility (or the admissibility of any other category of discovery for that matter) once the case finally reaches the benefits review stage. *Cf.* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

11

with the parties at the hearing. The court concludes, in its discretion that, because LINA's version is the type of protective order that this court is accustomed to dealing with and because Ms. Smith has not persuaded the undersigned that her format is superior, the court will use the order proposed by LINA.

However, LINA's version will be modified in accordance with this court's standard confidentiality language and will also include some of Ms. Smith's suggested changes. Accordingly, the Protective Motion is **GRANTED** as modified by the court.

### IV. Conclusion

Accordingly, for the reasons explained above, the Compel Motion is **GRANTED** in part and **DEFERRED** in part. Further, the Protective Motion is **GRANTED** as modified by the court. The court will separately enter the protective order.

**DONE** and **ORDERED** this 30th day of July, 2014.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge